IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MICHAEL HABINIAK,  §<br>    Plaintiff              §<br>                                §   Adversary No. 13-70028<br>vs.                           §<br>                                §<br>CANDELARIO ONTIVEROS,  §<br>TEXAS NATIONAL BANK, and the §<br>OFFICERS & BOARD OF DIRECTORS §<br>OF TEXAS NATIONAL BANK  §<br>    Defendants          | |

### DEFENDANT CANDELARIO ONTIVEROS' MOTION TO REMAND

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY FO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT TIMELY FILE A RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES HAVE AGREED OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AND DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Candelario Ontiveros, Defendant, and files this Motion to Remand, and would respectfully show to the Court as follows:

### Procedural Backgroud

1. This case was originally filed in the 332nd District Court on June 20, 2008. Plaintiff's claims against Defendant Ontiveros arose from a partnership to operate a silver mining operation in Mexico, which had failed to produce the results and profits anticipated by Plaintiff.  Plaintiff's claims against Defendant Ontiveros sounded in fraud, fraud in the inducement, Texas Theft Liability Act (Chap. 134, Tex Civ Prac. & Rem. Code), negligence, and breach of contract.

2. At the time of removal, Defendants Ontiveros and Texas National Bank ("Texas National") had filed motions for summary judgment, which were set for hearing before the 332nd District Court. on February 21, 2013. Plaintiff Michael Habiniak had not filed a response to either motion. On February 15, 2013, a mere seven (7) days prior to the hearing on the potentially dispositive motions, Plaintiff removed this case to this Court. At the time of removal, this case had been pending in state court in excess of four and one-half (4 ½) years!

3. Defendant Ontiveros seeks remand of this case due to the mandatory abstention doctrine, or alternatively because equitable remand is appropriate.

### This is not a "core" proceeding

4. Congress conferred authority to bankruptcy judges through two sections of Title 28, USC: (1) §1334 which grants subject matter jurisdiction to district courts of "all civil proceedings arising under title 11, or arising in or related to cases under title 11": and (2) §157 which allows a district court to refer cases under title 11 or related cases under title 11 to bankruptcy judges. 28 U.S.C. §1334(b); 28 U.S.C. §157(a). Once the court has determined that a suit falls under title 11, subject matter jurisdiction vests with the district courts. Bankruptcy judges then have authority by automatic reference under 28 U.S.C. §157 and general order of the district.

5. Under §1334, "arising under title 11" has been defined to include "proceedings that involve a cause of action created or determined by statutory provisions of title 11." *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987), citing 1 *Collier on Bankruptcy* ¶3.01 at 3-23 (1987). The House Report leading to the 1978 Amendments specifies that the legislature intended for "arising under" to encompass the ability of the bankruptcy courts

to "hear any matter under which a claim is made under provisions of title 11. 1 Richard F. Broude et al, *Collier on Bankruptcy* ¶3.01[4][c][i] (15th ed. 2006), citing H.R. Rep. No. 595 (1977).

6. "Arising in" means "a reference to those 'administrative ' matters that arise *only* in bankruptcy cases*.*" *In re Wood*, 825 F.2d at 96-97. Such proceedings are "those that are not based upon any right expressly created by title 11, but nevertheless have no existence outside of bankruptcy." *Id.*

7. A matter is "related to" a case under title 11, if "the outcome of that proceeding would conceivable have any effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93, *citing Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984). Even where these is a possibility that a suit may ultimately have no effect on the estate, this possibility is not enough to conclude that there would be no conceivable effect. Id. "Certainty or even a likelihood of such an effect is not a requirement." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001). Once subject matter jurisdiction vests with the district court, bankruptcy judges then have authority by reference under 28 U.S.C. §157.

8. Section 157 distinguishes between cases directly under or arising under title 11, and cases which are only "related to" a case under title 11. 28 U.S.C. §157(c); *Wood*, 825 F.2d at 95. A case which is arising under or arising in a case under title 11 is a core proceeding. 28 U.S.C. §157(b); *Wood*, 825 F.2d at 97. However, a matter is considered non-core" is it is "related to" a case under title 11*. Id.,* at §157(c)(1). The Fifth Circuit has held that a "proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood,* 825 F.2d at 97. *In re*

*Southmark*, 163 F.3d 925 (5th Cir. 1999); 28 U.S.C. §157(b)(2)(B-N); *Matter of Candelero Sand & Gravel, Inc.* 66 B.R. 903, 906 (D.P.R. 1986); *In re Pierce,* 44 B.R. 601, 602 (D. Colo. 1984)(breaches of contracts and similar business torts cannot be labeled "core" proceedings); *Shiboleth v. Yerushalmi*, 412 B.R. 113, 117 (Bankr. S.D.N.Y. 2009)(suit for accounting based upon state partnership law is non-core) ; *In re Safety Med. Supply Int'l, Inc.*, 334 B.R. 13, 19 (Bankr.D. Mass. 2005)(declaratory judgment involving contract interpretation is non-core); *In re Farmland Indus, Inc.,* 291 B.R. 498 (W.D. Mo. 2003)(surety's declaratory judgment claim to determine rights and duties under surety bond, for which Debtor could be liable to indemnify, was non-core); *Beard v. Braunstein*, 914 F.2d 434, 445 (3d Cir. 1990)(finding that contract claim failed core test).

9. A matter is non-core but "related to" a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding could possibly have an impact on the estate being administered in bankruptcy. *Allen v. City Finance Co.*, 224 B.R. 347, 351 (S.D. Miss. 1998)  This case involves state law business tort causes of action, and is thus, at best, "related to" the bankruptcy case.  This is not a core proceeding.

<u>Mandatory Abstention requires Remand</u>

10. As discussed in paragraphs 4-9 herein, this is a non-core proceeding.  If "related to" jurisdiction arises based entirely upon state law, 28 U.S.C. §1334(c)(2) requires, upon motion by a party, mandatory abstention by the district courts if the four-part test is met.  28 U.S.C. §1334(c)(2); *Schuster v. Mims (In re Rupp & Bowman Co.)* 109 F.3d 237, 239 (5th Cir. 1997); *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th

Cir. 1996); *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782-83 (E.D. Tex. 2001); *Reed v. Mississippi Farm Bureau Mut. Ins. Co.,* 299 B.R. 804, 807 (Bankr. S.D. Miss. 2003), *citing Southmark*, 163 F.3d at 925.  The four part test for mandatory abstention requires the following conditions:

> 1. the proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case;
> 2. the claims are non-core;
> 3. an action has been commenced in state court; and
> 4. the action can be timely adjudicated in state court.

*Patterson v. Morris,* 337 B.R. 82, 92 (E.D. La. 2006), *citing Rupp & Bowman Co.*, 109 F.3d at 239*; In re Terra*, 100 F.3d at 1206; *Reed*, 299 B.R. at 807-08; *J.T. Thorpe Co. v. Am. Motorists*, 2003 WL 23323005 at *2 (S.D. Tex. 2003).

11. All four conditions for mandatory abstention are met in this case.  Condition #1 is met.  The plaintiff and the defendants are citizens of the State of Texas, thus defeating diversity jurisdiction.  There are no federal claims or federal causes of action pending, thus defeating federal question jurisdiction.  Moreover, in the Notice of Removal, the removing parties allege that the basis for removal is 28 U.S.C. §1452, rather than diversity or federal question jurisdiction .  Condition #2 is met, because this is a non-core, "related to" proceeding.  Condition #3 is met, because this was commenced in state court more than four and one-half (4 ½) years ago, and has been proceeding with discovery and motion practice as ordinarily occurs in litigation.  Condition #4 is met, because this case can be timely adjudicated in state court.  The party moving for mandatory abstention need not show that the action can be *more*

timely adjudicated in the state court, but only that the matter can be timely adjudicated in the state court. *Thorpe*, 2003 WL 23323005 at *3, *citing WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 605 (S.D. Tex. 1999). When all four conditions for mandatory abstention are met, the court is barred from exercising bankruptcy jurisdiction over the underlying case. *Reed*, 299 B.R. at 808. When mandatory abstention is appropriate based upon the factors, the proper course is for the court to remand the case to state court. *Thorpe*, 2003 WL 23323005 at *3.

Standards for Equitable Remand

12.  28 U.S.C. §1452 provides for the removal of causes of action to bankruptcy court if the court has jurisdiction pursuant to 28 U.S.C. §1334. However, §1452(b) further provides that:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action...is not reviewable by appeal or otherwise by the court of appeals..."

"On a motion of a party, the court may also decide to send the matter back to the tribunal from whence it came on any equitable ground." *Fedders N. Amer. Inc. v. Branded Prods., Inc. (In re Branded Prods., Inc.)*, 154 B.B. 936 (Bankr. W.D. Tex. 1993). The court may remand the matter to state court on any equitable ground, without further review. *Fedders N. Amer.*, 154 B.R. at 946. An "equitable ground" is one that is "fair and reasonable." *In re Cathedral of the Incarnation*, 99 F.3d 66, 69 (2d Cir. 1996).

13.  The Fifth Circuit has articulated a set of factors to be considered in determining whether a case should be remanded on equitable grounds:

   1.   forum non conveniens;

2. a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the state court;

3. a holding that a state court is better able to respond to questions involving state law;

4. expertise of the particular court;

5. duplicative and uneconomic effort of judicial resources in two forums;

6. prejudice to the involuntarily removed parties;

7. comity considerations;

8. a lessened possibility of an inconsistent result.

*Browning v. Navarro*, 743 F.2d 1069, 1077 (5th Cir. 1984). A similar list of factors, which includes comity and the predomination of state law, is considered by other courts. *In re Briarpatch Film Corp.*, 281 B.R. 820 (Bankr. S.D.N.Y. 2002); *In re Drexel Burnham Lambert Group Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991). "Conservation of judicial resources, avoidance of a multiplicity of actions, and considerations of comity are all grounds for remand." *Mid-Atlantic Nat'l Bank v. Comtek Elec., Inc. (In re Comtek Elect., Inc.),* 23 B.R. 449, 451 (Bankr. S.D.N.Y. 1982). *See also, River City Cement Co. v. Bangert Bros. Const. Co.*, 825 F.Supp. 25, 27 (D. Colo. 1994)(plaintiff's choice of state court forum is entitled to "substantial deference."). Other factors to consider include the likelihood that the proceeding was commenced in a particular forum because of forum shopping on the part of one of the parties. *Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc.* (*In re Ciclon Negro , Inc.),* 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001); *Rahl v. Bande*, 316 B.R. 127, 135 (S.D.N.Y. 2004).

14. Weighing the factors articulated by the Fifth Circuit demonstrates that all of the

factors that do not produce a neutral result, weigh heavily in favor of remand. Moreover, the "gamesmanship" involved in removal of this case strongly militates in favor of remand.

15. Factor #1 is not implicated, and is, thus, neutral.

16. Factor #2 is not implicated, and is, thus, neutral.

17. Factor #3 weighs in favor of remand. This case asserts only Texas state law causes of action, and there are no federal claims or causes of action asserted. On that basis, the state court is likely better able to respond to questions of state law given the nature of the claims asserted.

18. Factor #4 weighs in favor of remand. For the reasons stated in paragraph 17, a state court is likely better able to respond to questions of state law given the nature of the claims asserted.

19. Factor #5 weighs in favor of remand. This case has been pending in state court for four and one-half (4 ½) years, and was substantially ready to be adjudicated by dispositive motion or trial. This removal renders all of the work done by the state court for naught, and would require this Court to begin anew in resolving this case. This is a classic duplication and uneconomic use of judicial resources.

20. Factor #6 weighs in favor of remand. Defendants in this case were potentially one week away from receiving rulings on dispositive motions, and these hearings were circumvented by removal to this Court. Moreover, it prejudices the Defendants having to incur substantial expense associated with "re-starting" this case in this Court, when this case was substantially ready to be adjudicated in state court.

21. Factor #7 weighs in favor of remand. The question of comity involves deference

to state courts to resolve state law claims. *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Comity "virtually requires that the ...case be remanded." *See, Briarpatch Film Corp.*, 281 B.R. at 829. Section 1334(c) expresses a "strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional proceedings of the state courts." *J.T. Thorpe Co. v. Am. Motorists*, 2003 WL 23323005 at *7 (S.D. Tex. 2003), *citing Lee v. Miller*, 263 B.R. 757, 763 (S.D. Miss. 2001). This case was proceeding in the state court, and there were hearings set one week out. Where all of the claims are state law claims which require the application of state law, comity weighs heavily in favor of remand. *J.T. Thorpe*, 2003 WL 23323005 at *7.

22.     Factor #8 is not implicated here, and is neutral.

23.     Plaintiff's manipulation in removing this case clearly weighs in favor of remand. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.") This case was removed *clearly* to forestall the grant of summary judgment, which would have inevitably occurred in state court, because Plaintiff filed no response to either Defendants' motion.

24.     In sum, all of the Fifth Circuit's list of factors for considering equitable remand produce either a neutral result, or weigh in favor of remand. Not a single factor weighs

in Plaintiff's favor. On this basis, the Court would be well within its discretion to remand this case to state court on equitable grounds.

## Conclusion

25. Defendant Candelario Ontiveros moves that the court remand this case to the 332nd District Court, Hidalgo County, Texas, on the grounds of mandatory abstention pursuant to 28 U.S.C. 1334(c)(2), or alternatively, on the basis that equitable grounds justify remand pursuant to 28 U.S.C. 1452(b).

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays for the relief herein sought, and for all such other and further relief, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

By: __/s/ *David J. Lumber*_____
David J. Lumber
State Bar No. 24002504
S.D. Texas Bar No.: 22085
**GUERRA LAW GROUP, PLLC**
4201 North McColl Rd.
McAllen, Texas 78504
(956) 618-3000 Phone
(956) 686-4200 Fax

**ATTORNEY FOR DEFENDANT CANDELARIO ONTIVEROS**

### CERTIFICATE OF CONFERENCE

I certify that on March 18, 2013, I conferred with JAMES GRISSOM, counsel for the removing parties, regarding the relief requested in this motion and the removing parties are OPPOSED to the relief sought in the motion.

_/s/__ *David J. Lumber* _____
David J. Lumber

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served upon the following <u>via</u> ECF or First Class Mail, postage pre-paid, this March 25, 2013.

James Grissom
111 W. Nolana
McAllen, Texas 78504

Carlos Yzaguirre
6521 N. 10th St., Suite C
McAllen, Texas 78504

                                          ___/s/_ *David J. Lumber* _____
                                            David J. Lumber